

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case:2:12-cr-20450<br>Judge: Cleland, Robert H.<br>MJ: Michelson, Laurie J.<br>Filed: 07-10-2012 At 03:02 PM<br>In re Sealed Matter(LG) |
| v. | |
| D-1 USHA SHAH<br>D-2 DEEPAK SHAH | 18 U.S.C. § 1349<br>18 U.S.C. § 371<br>18 U.S.C.§ 2 |
| Defendants. | |

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1.   The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.   Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.     The Medicare Program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B). Part A covered physical therapy if such a service was certified by CMS as meeting certain requirements. Part B of the Medicare program covered the cost of physician services and other ancillary services not covered by Part A. The home health therapy services in this indictment were covered by Part A.

4.     National Government Services was the CMS intermediary for Medicare Part A for the State of Michigan. Wisconsin Physicians Service was the CMS contracted carrier for Medicare Part B in the State of Michigan. Trust Solutions, LLC was the Program Safeguard Contractor for Medicare Parts A and B in the state of Michigan.

5.     By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors.

6.     Upon certification, the medical provider, whether a clinic or an

individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider would submit a claim for reimbursement to the Medicare contractor/carrier that includes the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

7. Health care providers were given and provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered and providers are required to maintain patient records to verify that the services were provided as described on the claim.

8. In order to receive reimbursement for a covered service from Medicare, a provider must submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, beneficiary, and services rendered, among other things.

10. A home health agency was an entity that provided health services, including but not limited to skilled nursing, physical and occupational therapy, and speech pathology services to homebound patients.

## Miracle Home Health

11. Miracle Home Health, Inc. (Miracle) was a Michigan corporation doing business at 29200 Southfield Road, Suite 205, Southfield, Michigan, 48076. Miracle was a home health agency that purportedly provided in-home physical therapy and or skilled nursing services to patients. Miracle was a Medicare provider and submitted claims directly to Medicare.

12. Between January, 2006, and June, 2012, the exact dates being unknown to the grand jury, defendants USHA SHAH, DEEPAK SHAH, and their co-conspirators would submit claims to and receive from the Medicare program approximately $8.8 million in reimbursement for purported home health claims.

## The Defendants

13. Defendant USHA SHAH, a resident of Oakland County, Michigan, was the Vice-President and co-owner of Miracle Home Health where she billed Medicare for home health services that were medically unnecessary and not provided.

14. Defendant DEEPAK SHAH, a resident of Oakland County, Michigan, owned and operated Miracle Home Care where he billed for home health care services that were medically unnecessary and not provided.

## COUNT 1
### (18 U.S.C. § 1349 – Conspiracy to Commit Healthcare Fraud)

### D-1 USHA SHAH
### D-2 DEEPAK SHAH

15.     Paragraphs 1 through 13 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

16.     From in or around January, 2006, and continuing through in or around June, 2012, the exact dates being unknown to the Grand Jury, in Oakland County, in the Eastern District of Michigan, and elsewhere, the defendants, USHA SHAH and DEEPAK SHAH did willfully and knowingly combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and service.

### Purpose of the Conspiracy

17.     It was a purpose of the conspiracy for defendants USHA SHAH and DEEPAK SHAH to unlawfully enrich themselves by, among other things, (a)

submitting false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare, (c) concealing the receipt and transfer of the proceeds from the fraud and the payment of kickbacks and bribes in furtherance of the conspiracy; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means

18. The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

19. Defendant USHA SHAH would incorporate Miracle Home Health (Miracle) on February 26, 2003.

19. Defendant DEEPAK SHAH would submit an application to become a Medicare provider on June 1, 2004.

20. Defendant DEEPAK SHAH would cause the submission of claims for home health care that were medically unnecessary and not provided.

21. Defendant USHA SHAH would cause the submission of claims for home health care that were medically unnecessary and not provided.

22. Defendants USHA SHAH, DEEPAK SHAH, and other co-conspirators, would offer and provide kickbacks, bribes, and other inducements to beneficiary recruiters, who would obtain Medicare beneficiaries whose identification would be used

to submit claims to the Medicare program when, in fact, the services were medically unnecessary and were not provided.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-5
## (18 U.S.C. §§ 1347; 18 U.S.C. § 2- Health Care Fraud; Aiding and Abetting)

### D-1 USHA SHAH
### D-2 DEEPAK SHAH

23. Paragraphs 1 through 13 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

24. On or about the dates enumerated below, in Oakland County, in the Eastern District of Michigan, the defendant, USHA SHAH, aided and abetted by defendant DEEPAK SHAH, in connection with a payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery and payment for health care benefits, items, and services.

### Purpose of the Scheme and Artifice

25. It was the purpose of the scheme and artifice for the defendants to

7

unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for home health services that were not provided and were medically unnecessary.

### Acts in Execution of the Scheme and Artifice

| Count | Medicare Beneficiary | Beginning Date of Home Health Service | Amount of Reimbursement |
|---|---|---|---|
| 2 | K.F. | 5/26/2007 | $2,129.96 |
| 3 | S.P. | 6/9/2010 | $1,534.63 |
| 4 | A.R. | 1/20/2011 | $2,124.59 |
| 5 | V.D. | 6/26/2011 | $2,124.59 |

All in violation of Title 18, United States Code, Sections 1347 and Title 18, United States Code, Section 2.

### COUNT 6
### (18 U.S.C. § 371– Conspiracy to Pay and Receive Kickbacks)

**D-1 USHA SHAH**
**D-2 DEEPAK SHAH**

27. Paragraphs 1 through 13 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

28. From in or around January 2006, through in and around June 2012, the exact dates being unknown to the Grand Jury in Oakland County, in the Eastern District of Michigan, and elsewhere, the defendants USHA SHAH, DEEPAK SHAH,

and others did wilfully and knowingly combine, conspire, confederate , and agree with others known and unknown to the Grand Jury to commit certain offenses against the United States that is,

>(a) to violate Title 42, United States Code, Section 1320a-7(b)(2)(A) by knowingly and wilfully offering and paying any remuneration (including any kickback, bribe, or rebate in return for referring an individual to a person for the furnishing or arranging of any item or service for which payment may be made in whole or part by Medicare, a federal health care benefits program as defined by Title 18, United States Code, Section 24(b); and (b) to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) by knowingly and wilfully soliciting and receiving any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or part by Medicare, a Federal health benefits program as defined by Title 18, United States Code, Section 24(b).

### Purpose of the Conspiracy

29. It was the purpose of the conspiracy for defendants USHA SHAH, DEEPAK SHAH, and others to unlawfully enrich themselves, through the offer and

payment of kickbacks and bribes, to obtain Medicare identification information, which was then used in submitting false and fraudulent claims to the Medicare program.

## Manner and Means

The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, among other things:

30. USHA SHAH would incorporate Miracle in Southfield, Michigan, for the purpose of billing Medicare for purportedly providing medically necessary home health care services.

31. DEEPAK SHAH would complete and submit an application for Medicare participation, CMS Form 855, for Miracle to Medicare.

32. USHA SHAH would provide the names of Medicare beneficiaries to Medical Clinic-1 where Physician-1 certified the Medicare beneficiary for medically unnecessary home health care services, and then billed Medicare for unnecessary physician home visits.

33. USHA SHAH and DEEPAK SHAH would pay cash kickbacks to obtain Medicare beneficiary identification for the purpose of submitting claims to the Medicare program.

## Overt Acts

34. In furtherance of the conspiracy, and to accomplish its purposes and

objects, at least one of the conspirators committed or caused to be committed in the Eastern District of Michigan, the following overt acts, among others:

35. On or about January 19, 2012, DEEPAK SHAH paid Physician-2, who referred two Medicare beneficiaries for medically unnecessary home health care services, $250 in United States currency.

36. On or about January 4, 2012, USHA SHAH offered to pay Individual-1 approximately $150 in return for the names of Medicare beneficiaries for whom the Medicare program could be billed for unnecessary home health services.

37. Subsequently, Individual-1 provided the name of a Medicare beneficiary to USHA SHAH, who sent a physician employed by Miracle Home Health to the home of the Medicare beneficiary.

38. Employees of Miracle home health care sent by USHA SHAH attempted to provide home health services to the Medicare beneficiary, whose name was provided by Individual-1; the Medicare beneficiary refused treatment by Miracle Home Health because the beneficiary believed that he did not need home health care services.

All in violation of Title 18, United States Code, Section 371.

## **CRIMINAL FORFEITURE**
### (18 U.S.C. § 982)

### D-1 DEEPAK SHAH
### D-2 USHA SHAH

1. Upon conviction of one or more of the health care fraud offenses charged in Counts 1-5 of the Indictment, the defendants, DEEPAK SHAH and USHA SHAH, shall forfeit any property, real or personal, that constitutes or is derived from the gross proceeds traceable to the commission of the offenses pursuant to 18 U.S.C. § 982(a)(7).

2. Upon conviction of the offense charged in Count 6 of the Indictment, the defendants, DEEPAK SHAH and USHA SHAH, shall forfeit any property, real or personal, derived from a conspiracy to pay health care kickbacks pursuant to Title 18, United States Code 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

If the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7) and 28 U.S.C. § 2467(c), as a result of any act or omission of the defendants:

A) cannot be located upon the exercise of due diligence;

B) has been transferred or sold to, or deposited with, a third party;

C) has been placed beyond the jurisdiction of the Court;

D) has been substantially diminished in value; or

E) has been commingled with other property that cannot be subdivide without difficulty;

12

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek to forfeit any other property of the defendants up to the value of the gross proceeds received through the commission of any offense of conviction.

THIS IS A TRUE BILL.

s/Grand Jury Foreperson

BARBARA L. McQUADE
United States Attorney


s/SARAH RESNICK COHEN
DEPUTY CHIEF
HEALTH CARE FRAUD UNIT
ASSISTANT UNITED STATES ATTORNEY


s/PHILIP A. ROSS
ASSISTANT UNITED STATES ATTORNEY
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9790
Philip.Ross@usdoj.gov


Dated: July 10, 2012

| | | Case:2:12-cr-20450 |
|---|---|---|
| es District Court<br>District of Michigan | **Criminal Case Co** | Judge: Cleland, Robert H.<br>MJ: Michelson, Laurie J.<br>Filed: 07-10-2012 At 03:02 PM<br>In re Sealed Matter(LG) |

: It is the responsibility of the Assistant U.S. Attorney signing this form to co.

## Reassignment/Recusal Information This matter was opened in the USAO prior to August 15, 2008 [ ]

| **Companion Case Information** | **Companion Case Number:** 11-CR-20365 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)¹: | **Judge Assigned:** Hon. Victoria A. Roberts |
| ■ Yes  ☐ No | AUSA's Initials: _PAR_ |

**Case Title:** USA v. USHA SHAH and DEEPAK SHAH

**County where offense occurred :** OAKLAND

**Check One:** ■ Felony  ☐ Misdemeanor  ☐ Petty

  __X__ Indictment--- no prior complaint.
  ____Indictment/____Information --- based upon prior complaint [Case number: ]
  ____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____  **Judge:** _____

  ☐ Original case was terminated; no additional charges or defendants.
  ☐ Corrects errors; no additional charges or defendants.
  ☐ Involves, for plea purposes, different charges or adds counts.
  ☐ Embraces same subject matter but adds the additional defendants or charges below:
  **Defendant name**          **Charges**          **Prior Complaint (if applicable)**

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

July 10, 2012
Date

*(signature)*
PHILIP A. ROSS
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9790
Email: Philip.Ross@usdoj.gov
VA Bar No.: 70269

---

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.