UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                   Criminal No. 12-20450

            Plaintiff,              Hon. Robert H. Cleland

v.

D-1 Usha Shah,

            Defendant.

_____/

## **PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on July 11, 2012, a grand jury returned an Indictment

("Indictment") charging Defendant Usha Shah ("Defendant") in Count One with

conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, in Counts

Two through Five with aiding and abetting health care fraud in violation of 18

U.S.C. § 1349 and 18 U.S.C. § 2, and in Count Six with conspiracy to pay and

receive kickbacks in violation of 18 U.S.C. § 371.  (Dkt. # 3).  The Indictment

contains Forfeiture Allegations pursuant to 18 U.S.C. § 982 seeking forfeiture,

upon conviction of any of the offenses charged in Counts on through Five, of any

property, real or personal, that constituted or is derived from the proceeds traceable

to the commission of the offenses, pursuant to 18 U.S.C. § 982(a)(7).

WHEREAS, on August 23, 2012, the United States filed its Forfeiture Bill of Particulars ((Dkt. #22) pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure providing notice to the Defendant that the Government intends to forfeit the following, upon conviction, pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C), 982(a)(7), and 28 U.S.C. § 2461(c):

### Bank and Investment Accounts

1. Ally Bank Official Check # 26305 dated July 30, 2012, and made payable to the "U.S. Marshals Service" in the amount of $205,058.35, representing the totality of funds seized from Ally Bank Certificate of Deposit Account # 3017791074 (Asset ID #12-FBI-005904).

2. Bank of America Cashier's Check # 9495518951 dated July 31, 2012, and made payable to the "US Marshals Service" in the amount of $426,978.82, representing the totality of funds seized from Bank of America Account # 5092454536 (Asset ID #12-FBI-005906).

3. Bank of America Cashier's Check # 9495518952 dated July 31, 2012, and made payable to the "US Marshals Service" in the amount of $12,939.55, representing the totality of funds seized from Bank of America Account # 5700953366 (Asset ID #12-FBI-005907).

4. Bank of America Cashier's Check # 9495518953 dated July 31, 2012,

and made payable to the "US Marshals Service" in the amount of $131,268.97, representing the totality of funds seized from Bank of America Account # 5403410938 (Asset ID #12-FBI-005905).

5. Discover Bank Official Check # 653898 dated July 26, 2012, and made payable to the "United States Marshals Service" in the amount of $256,013.53, representing the totality of funds seized from Discover Bank Account # 5201351670 (Asset ID #12-FBI-005917).

6. Received from E-Trade Financial were the two (2) following fiduciary instruments, representing the totality of funds seized from E-Trade Financial Account # 64059983 (Asset ID #12-FBI-005909).

(a) E-Trade Financial Official Check # 11867148 dated July 16, 2012, and made payable to the "US Marshal Service" in the amount of $509,548.00; and

(b) E-Trade Financial  Official Check # 11885261 dated August 14, 2012, and made payable to the "US Marshal Service" in the amount of $2,642.67.

7. Flagstar Bank Check # 200222216 dated July 12, 2012, and made payable to the "United States Marshals Service" in the amount of $220,831.83, representing the totality of funds seized from Flagstar

Bank Account # 424594974 (Asset ID #12-FBI-005913).

8.   MetLife Bank Cashier's Check # 000000101941 dated July 17, 2012, and made payable to the "US Marshals Service" in the amount of $152,265.70, representing the totality of funds seized from Metropolitan Life Certificate of Deposit Account # 5003767216 (Asset ID #12-FBI-005915).

9.   Northern Trust Cashier's Check # 127897 dated July 20, 2012, and made payable to the "U.S. Marshal's Service" in the amount of $206,438.77, representing the totality of funds seized from Northern Trust Company Account # 9071816092 (Asset ID #12-FBI-005903).

10.   PNC Bank Cashier's Check # 30832 dated July 12, 2012, and made payable to the "U.S. Marshal's Service" in the amount of $15,220.63, representing the totality of funds seized from PNC Bank Account# 4234320275, previously carried as National City Bank Account # 978887540 (Asset ID #12-FBI-005900).

11.   Prudential Annuities check # 3800022458 dated August 1, 2012, made payable to the "U.S. Marshal's Service" in the amount of $218,755.34, and drafted against a Wachovia Bank account held by Prudential.  This check represents the totality of funds seized from

Prudential Annuities Account # E0883173 (Asset ID #12-FBI-005901).

12. TD Ameritrade Inc. check # 9378700 dated July 17, 2012, made payable to the "U.S. Marshal's Service" in the amount of $196,870.71, and drafted against a Fremont National Bank Omaha NE account held by Ameritrade Clearing, representing the totality of funds seized from TD Ameritrade, Inc., Account # 240381650 (Asset ID #12-FBI-005893),

(hereafter collectively referred to as "Subject Funds").

### Jewelry

(Asset ID #12-FBI-006329)

13. One Lady's Fancy Pierced Out Floral Style Diamond and Colored Stone Necklace with tiered diamond drop, from India, tested 21 kt. Yellow Gold, weighing 72.8 grams.

14. One Pair of Lady's Major Colored Stone with Double Row Halo, and tiered Diamond Drop Earrings from India, tested 21 kt. Yellow Gold, weighing 33.6 grams.

15. Four Jewelry Parts totaling 4.0 grams: (1) Gold, and (3) Synthetic Green Stones from India, tested 22 kt. Yellow Gold.

16.    One Lady's Rectangular Tube and Diamond Triangular Cluster Drop
       Neck Chain from India, tested 21 kt. Yellow Gold, weighing 21.8
       grams.

17.    One Pair of Double Diamond Triangular Cluster Earrings from India
       tested 21 kt. Yellow Gold, weighing 3.6 grams.

18.    One Lady's Fancy Link Neck Chain from India with Alternating
       Diamond and Gold Bars, tested 19 kt. Yellow Gold, weighing 22.8
       grams.

19.    One Lady's Four Section Diamond Cluster Earrings from India, tested
       19 kt. Yellow Gold, total weight 7.4 grams.

20.    One Lady's Double Braided Gold and Synthetic Stone Bracelet from
       India, tested 18 kt. Yellow Gold, weighing 18.7 grams.

21.    One Pair of Lady's Gold Tube and Synthetic Stone Earrings from
       India tested 18 kt. Yellow Gold, weighing 10.6 grams.

22.    One Lady's Double Braided Gold and Synthetic Stone Necklace from
       India, tested 18 kt. Yellow Gold, weighing 47.9 grams.

23.    One "C" Link Style Neck Chain from India, tested 20 kt. Yellow
       Gold, weighing 18.0 grams.

24.    One "C" Link Style Neck Chain from India, tested 20 kt. Yellow

Gold, weighing 18.0 grams.

25.   One Lady's Braided Style Neck Chain from India, stamped 21 kt.
      Yellow Gold and one (1) Pendant stamped 21 kt. Yellow Gold, total
      weighing 13.3 grams.

26.   One Pair of Lady's Double Oval Style Gold Earrings from India,
      stamped 21 kt:.Yellow Gold, total weighing 6. 3 grams.

27.   One Pair of Lady's Diamond Cluster Earrings from India, made of 14
      kt. Yellow Gold.

28.   One Pair of Lady's Crescent Motif Diamond Post and Colored Stone
      Drop Earrings from India, total weight of 14.1 grams.

29.   One Lady's Mirrored Box Link Neck Chain from India stamped 14 kt.
      Yellow Gold, weighing 4.3 grams.

30.   One Pair of Lady's Diamond Cluster Earrings from India made of 14
      kt. Yellow Gold, weighing 3.6 grams.

31.   Thirteen (13) Miscellaneous Jewelry Items from India, total weight =
      8.6 grams. The items include:

      a. Ring with three diamonds

      b. Gold Pendants

      c. Sterling Silver and Cubic Zirconia Pendant

d. Synthetic Red Stone

e. Synthetic White Stone

32.     One Pair of Lady's White and Red Synthetic Stone Post with Green Synthetic Stone Drop Earrings from India, stamped 22 kt. Yellow Gold, weighing 31.3 grams.

33.     One Lady's Fancy Pierced Out Rectangular Tube Necklace from India with Synthetic Red and White Stone Center, and Green and White Stone Drop with a Synthetic Stone clasp, stamped 22 kt. Yellow Gold, weighing 71.0 grams.

34.     Two Pair of Lady's Gold Textured and Bead Drop Earrings from India, stamped 22 kt. Yellow Gold, weighing 20.5 grams.

35.     Two Lady's Gold Pierced Out Textured Style Neck Chains from India, stamped 22 kt. Yellow Gold, Total weighing 36.2 grams.

36.     Two Lady's Jewelry Items from India, made of' 22 kt. Yellow Gold, weighing 3.4 grams.

37.     One Pair of Lady's Diamond Hoop Earrings from India, made of 18 kt. Yellow Gold, weighing 7.0 grams.

38.     One Lady's Gold Wire and Diamond Rectangular Pendant from India, made of 18 kt. Yellow Gold, weighing 7.8 grams.

8

39.    One Lady's Gold and Diamond Cuff Bracelet from India, stamped 14 kt. Yellow Gold, weighing 20.7 grams.

40.    One Lady's Sterling Silver, Ruby Bead, Gold and Diamond "C" Drop from India with Synthetic Colored Stones, containing  six (6) Full Cut Diamonds, and one-hundred one (101) Fun Cut Diamonds weighing approximately .008 carat each, totaling .808 carat.

41.    One Lady's Synthetic White and Red Stone Double Row Neck Chain from India, stamped 21 kt. Yellow Gold with Synthetic Red, and Green Stone Drop, weighing 72.3 grams.

42.    One Pair of Lady's Synthetic Red and White Stone Earrings from India tested 21 kt. Yellow Gold, weighing 28.2 grams.

43.    One Lady's Synthetic Green and White Stone Ring, metal is not gold, (hereafter collectively referred to as "Subject Jewelry").

## Gold Bars and Coins

(Asset ID #12-FBI-006311)

44.    One Gold Bar.  Valcambi, Suisse, 1 oz. 999.9 Fine Gold- Essayer Fondeur- Scotia Bank, measuring 37x22mm, # AA037661.

45.    One Gold Bar.  Valcambi, Suisse, 1 oz. 999.9 Fine Gold- Essayer Fondeur- Scotia Bank, measuring 37x22mm, # AA037663.

46.    One Gold Bar.  Valcambi, Suisse, 1 oz. 999.9 Fine Gold - Essayer
       Fondeur - Scotia Bank, measuring 37x22mm, # AA037664.

47.    One Gold Bar.  Valcambi, Suisse, 1 oz. 999.9 Fine Gold - Essayer
       Fondeur - Scotia Bank, measuring 37x22mm, # AA037665.

48.    One Gold Bar.  Valcambi, Suisse, 1 oz. 999.9 Fine Gold - Essayer
       Fondeur - Scotia Bank, measuring 37x22mm, # AA037666.

49.    One Gold Bar.  Vaicambi, Suisse, 1 oz. 999.9 Fine Gold- Essayer
       Fondeur- Scotia Bank, measuring 37x22mm, # AA037667.

50.    One Gold Bar.  Vaicambi, Suisse, 1 oz. 999.9 Fine Gold- Essayer
       Fondeur- Scotia Bank, measuring 37x22mm, # AA037669.

51.    One Gold Bar.  Vaicambi, Suisse, 1 oz. 999.9 Fine Gold- Essayer
       Fondeur- Scotia Bank, measuring 37x22mm, #AA037670.

52.    One Gold Bar.  Fine Gold 995.0,  100 grams, Code BM, measuring
       35x22.5x0. 7mm, Serial # 005988.

53.    One Gold Bar.  RiddiSiddhi Bullions Ltd., 10 grams 24 karat .999
       Fine Gold by R.S.B.S.

54.    One Gold Bar.  RiddiSiddhi Bullions Ltd., 5 grams 24 karat .999 Fine
       Gold by R.S.B.S.

55.    One Gold Coin.  Canada 50 Dollar Elizabeth II, 1 oz. Fine Gold

measuring 30.0mm, year 1983.

56.     One Gold Coin.  Canada 50 Dollar Elizabeth II, 1 oz. Fine Gold

measuring 30.0mm, year 1985.

(hereafter collectively referred to as "Subject Gold Bars and Coins").

WHEREAS, on April 8, 2013 Defendant USHA SHAH entered into a Rule

11 Plea Agreement ("Rule 11") [Dkt. # 29] in which she agreed to plead guilty to

Count One of the Indictment, which charges conspiracy to commit health care

fraud, in violation of 18 U.S.C. § 1349.

WHEREAS, Defendant further agreed, pursuant to 18 U.S.C. § 982(a)(7),

to forfeit without contest her right, title, and interest in the following Subject

Funds, which constitute or are derived from proceeds traceable to the conspiracy

to commit health care fraud as alleged in the Indictment:

1.     Ally Bank Official Check # 26305 dated July 30, 2012, and made

payable to the "U.S. Marshals Service" in the amount of $205,058.35,

representing the totality of funds seized from Ally Bank Certificate of

Deposit Account # 3017791074 (Asset ID #12-FBI-005904).

2.     $119,238.98 derived from Bank of America Cashier's Check

# 9495518951 in the amount of $426,978.82 seized from Bank of

America Account # 5092454536.  (Asset ID #12-FBI-005906).

3.      Bank of America Cashier's Check # 9495518952 dated July 31, 2012, and made payable to the "US Marshals Service" in the amount of $12,939.55, representing the totality of funds seized from Bank of America Account # 5700953366 (Asset ID #12-FBI-005907).

4.      Bank of America Cashier's Check # 9495518953 dated July 31, 2012, and made payable to the "US Marshals Service" in the amount of $131,268.97, representing the totality of funds seized from Bank of America Account # 5403410938 (Asset ID #12-FBI-005905).

5.      Discover Bank Official Check # 653898 dated July 26, 2012, and made payable to the "United States Marshals Service" in the amount of $256,013.53, representing the totality of funds seized from Discover Bank Account # 5201351670 (Asset ID #12-FBI-005917).

6.      Received from E-Trade Financial were the two (2) following fiduciary instruments, representing the totality of funds seized from E-Trade Financial Account # 64059983 (Asset ID #12-FBI-005909).

(a)      E-Trade Financial Official Check # 11867148 dated July 16, 2012, and made payable to the "US Marshal Service" in the amount of $509,548.00; and

(b)      E-Trade Financial  Official Check # 11885261 dated August 14, 2012,

12

and made payable to the "US Marshal Service" in the amount of $2,642.67.

7. Flagstar Bank Check # 200222216 dated July 12, 2012, and made payable to the "United States Marshals Service" in the amount of $220,831.83, representing the totality of funds seized from Flagstar Bank Account # 424594974 (Asset ID #12-FBI-005913).

8. MetLife Bank Cashier's Check # 000000101941 dated July 17, 2012, and made payable to the "US Marshals Service" in the amount of $152,265.70, representing the totality of funds seized from Metropolitan Life Certificate of Deposit Account # 5003767216 (Asset ID #12-FBI-005915).

9. Northern Trust Cashier's Check # 127897 dated July 20, 2012, and made payable to the "U.S. Marshal's Service" in the amount of $206,438.77, representing the totality of funds seized from Northern Trust Company Account # 9071816092 (Asset ID #12-FBI-005903).

10. PNC Bank Cashier's Check # 30832 dated July 12, 2012, and made payable to the "U.S. Marshal's Service" in the amount of $15,220.63, representing the totality of funds seized from PNC Bank Account # 4234320275, previously carried as National City Bank Account

# 978887540 (Asset ID #12-FBI-005900).

11.    Prudential Annuities check # 3800022458 dated August 1, 2012,
made payable to the "U.S. Marshal's Service" in the amount of
$218,755.34, and drafted against a Wachovia Bank account held by
Prudential.  This check represents the totality of funds seized from
Prudential Annuities Account # E0883173 (Asset ID #12-FBI-
005901).

12.    TD Ameritrade Inc. check # 9378700 dated July 17, 2012, made
payable to the "U.S. Marshal's Service" in the amount of $196,870.71,
and drafted against a Fremont National Bank Omaha NE account held
by Ameritrade Clearing, representing the totality of funds seized from
TD Ameritrade, Inc., Account # 240381650 (Asset ID #12-FBI-
005893)

WHEREAS, the United States agrees that the following assets:

$307,739.64 of the funds seized from Bank of America Account # 5092454536

(Asset ID #12-FBI-005906), the Subject Jewelry seized from Defendant's home

(Asset ID #12-FBI-006311), and the Subject Gold and Coins seized from

Defendant's home (Asset ID #12-FBI-006329) SHALL BE RETURNED to

Defendant Usha Shah and her husband, jointly, less any debt owed to the United

14

States, any agency of the United States, or less any other debt which the United

States is authorized to collect from the Defendant, including but not limited to

any debts collected through the Treasury Offset Program.

WHEREAS, Defendant in her Rule 11 agreed to unconditionally release and

forever discharge the United States of America, the United States Department of

Justice, the FBI, the United States Attorney's Office, their agents, officers,

employees, past and present, and all other persons, including but not limited to any

individual local law enforcement officers or departments or agencies assisting in

any matter in the facts, events and circumstances giving rise to the seizure of the

seized funds, from any and all actions, causes of action, suits, proceedings, debts,

dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or

equity which Defendant, her assigns, agents, officers, employees, successors,

and/or heirs of had, now have, or may have in the future in connection with the

seizure and detention of the seized funds. Defendant also agrees to bear any and all

costs and attorney fees associated with the seized assets the government agrees to

return.

WHEREAS, Defendant in her Rule 11 agreed to the Court's prompt entry of

a Preliminary Order of Forfeiture following Defendant's guilty plea, upon

application by the United States, incorporating the above referenced property as

mandated by Fed. R. Crim. P. 32.2, which shall, in any event, be submitted for entry at or before sentencing. Defendant acknowledges that she understands that forfeiture is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise her of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J) or otherwise, at the change of-plea hearing.

WHEREAS, Defendant in her Rule 11 expressly waived her right to have a jury determine the forfeitability of her interest in the above-identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

NOW THEREFORE, based upon Defendant's conviction, acknowledgment of criminal forfeiture proceedings, the Rule 11 Plea Agreement and guilty plea, and the information in the record,

**IT IS HEREBY ORDERED THAT**:

1.   Ally Bank Official Check # 26305 dated July 30, 2012, and made payable to the "U.S. Marshals Service" in the amount of $205,058.35, representing the totality of funds seized from Ally Bank Certificate of Deposit Account # 3017791074 (Asset ID #12-FBI-005904).

2.   $119,238.98 derived from Bank of America Cashier's Check # 9495518951 in the amount of $426,978.82 seized from Bank of America Account # 5092454536. (Asset ID #12-FBI-005906).

3.  Bank of America Cashier's Check # 9495518952 dated July 31, 2012, and made payable to the "US Marshals Service" in the amount of $12,939.55, representing the totality of funds seized from Bank of America Account # 5700953366 (Asset ID #12-FBI-005907).

4.  Bank of America Cashier's Check # 9495518953 dated July 31, 2012, and made payable to the "US Marshals Service" in the amount of $131,268.97, representing the totality of funds seized from Bank of America Account # 5403410938 (Asset ID #12-FBI-005905).

5.  Discover Bank Official Check # 653898 dated July 26, 2012, and made payable to the "United States Marshals Service" in the amount of $256,013.53, representing the totality of funds seized from Discover Bank Account # 5201351670 (Asset ID #12-FBI-005917).

6.  Received from E-Trade Financial were the two (2) following fiduciary instruments, representing the totality of funds seized from E-Trade Financial Account # 64059983 (Asset ID #12-FBI-005909).

(a)  E-Trade Financial Official Check # 11867148 dated July 16, 2012, and made payable to the "US Marshal Service" in the amount of $509,548.00; and

(b)  E-Trade Financial  Official Check # 11885261 dated August 14, 2012,

17

and made payable to the "US Marshal Service" in the amount of $2,642.67.

7. Flagstar Bank Check # 200222216 dated July 12, 2012, and made payable to the "United States Marshals Service" in the amount of $220,831.83, representing the totality of funds seized from Flagstar Bank Account # 424594974 (Asset ID #12-FBI-005913).

8. MetLife Bank Cashier's Check # 000000101941 dated July 17, 2012, and made payable to the "US Marshals Service" in the amount of $152,265.70, representing the totality of funds seized from Metropolitan Life Certificate of Deposit Account # 5003767216 (Asset ID #12-FBI-005915).

9. Northern Trust Cashier's Check # 127897 dated July 20, 2012, and made payable to the "U.S. Marshal's Service" in the amount of $206,438.77, representing the totality of funds seized from Northern Trust Company Account # 9071816092 (Asset ID #12-FBI-005903).

10. PNC Bank Cashier's Check # 30832 dated July 12, 2012, and made payable to the "U.S. Marshal's Service" in the amount of $15,220.63, representing the totality of funds seized from PNC Bank Account# 4234320275, previously carried as National City Bank Account #

978887540 (Asset ID #12-FBI-005900).

11.     Prudential Annuities check # 3800022458 dated August 1, 2012,
        made payable to the "U.S. Marshal's Service" in the amount of
        $218,755.34, and drafted against a Wachovia Bank account held by
        Prudential.  This check represents the totality of funds seized from
        Prudential Annuities Account # E0883173 (Asset ID #12-FBI-
        005901).

12.     TD Ameritrade Inc. check # 9378700 dated July 17, 2012, made
        payable to the "U.S. Marshal's Service" in the amount of $196,870.71,
        and drafted against a Fremont National Bank Omaha NE account held
        by Ameritrade Clearing, representing the totality of funds seized from
        TD Ameritrade, Inc., Account # 240381650 (Asset ID #12-FBI-
        005893)

**ARE HEREBY FORFEITED** to the United States for disposition in
accordance with the law, and any right, title or interest of Defendant, and any
right, title or interest that her heirs, successors or assigns have or may have in
the forfeited funds **IS HEREBY AND FOREVER EXTINGUISHED**.

        **IT IS HEREBY FURTHER ORDERED THAT** that the following
assets: $307,739.64 of the funds seized from Bank of America Account

# 5092454536 (Asset ID #12-FBI-005906), the Subject Jewelry seized from

Defendant's home (Asset ID #12-FBI-006311), and the Subject Gold and Coins

seized from Defendant's home (Asset ID #12-FBI-006329) **SHALL BE**

**RETURNED** to Defendant USHA SHAH and her husband, DEEPAK SHAH,

jointly, less any debt owed to the United States, any agency of the United States,

or less any other debt which the United States is authorized to collect from the

Defendant, including but not limited to any debts collected through the Treasury

Offset Program.

  **IT IS HEREBY FURTHER ORDERED THAT** upon entry of this order,

the United States shall publish on www.forfeiture.gov  notice of this preliminary

forfeiture order and of its intent to dispose of the defendant property in such

manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).  Said

notice shall direct that any person other than the Defendant asserting a legal

interest in the defendant property may file a petition with the Court within thirty

(30) days of the final publication of notice or of receipt of actual notice, whichever

is earlier.  The petition shall be for a hearing before the Court alone, without a jury

and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the

petitioner's alleged interest in the defendant property.  The petition must be signed

by the petitioner under penalty of perjury and must set forth the nature and extent

of the petitioner's alleged right, title or interest in the defendant property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the defendant property, any additional facts supporting the petitioner's claim, and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the defendant property.

**IT IS HEREBY FURTHER ORDERED THAT**, pursuant to the Rule 11 Plea Agreement and Fed. R. Crim. P. 32.2, this Preliminary Order of Forfeiture shall become final as to Defendant upon being entered.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as to all other persons, as provided by Fed. R. Crim. P. 32.2(c)(2).

**IT IS HEREBY FURTHER ORDERED THAT** after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

21

**IT IS HEREBY FURTHER ORDERED THAT** the Court shall retain

jurisdiction to enforce this Preliminary Order of Forfeiture, and to amend it as

necessary, pursuant to Fed. R. Crim. P.32.2(e).

**IT IS SO ORDERED.**


      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  April 6, 2016


I hereby certify that a copy of the foregoing document was mailed to counsel of record
and/or pro se parties on this date, April 6, 2016, by electronic and/or ordinary mail.


      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522